# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2526

DIEGO GEOVANNY BURI MORA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review from a
Decision of the Board of Immigration Appeals
A215-981-037
Immigration Judge: Richard Bailey

Before: RESTREPO, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted June 12, 2026; Decided June 29, 2026

_____

NONPRECEDENTIAL OPINION[*]

MONTGOMERY-REEVES, *Circuit Judge*.

The narrow question before us is whether the Board of Immigration Appeals (the "BIA") applied the wrong legal standard in reviewing facts found by an Immigration Judge (the "IJ"). Because the BIA applied the correct legal standard and because substantial evidence supported the BIA's conclusions, we will deny the petition.

Diego Geovanny Buri Mora ("Buri") is native to, and a citizen of, Ecuador. He entered the United States without inspection in 2008. He has been married to his wife—a

_____

[*] This is not an opinion of the full Court and, pursuant to 3d Cir. IOP 5.7, is not binding precedent.

U.S. citizen—since 2017.  The pair had three children, aged (as of December 2024) twelve, six, and five.  All three require special care.

The Department of Homeland Security ("DHS") brought removal proceedings against Buri in 2019.  He applied for cancellation arguing that his removal would cause an "exceptional and extremely unusual hardship to qualifying family members."[1]  *Amos v. Att'y Gen.*, 157 F.4th 313, 332 (3d Cir. 2025) (quoting 8 U.S.C. § 1229b(b)(1)(D)).

The IJ granted Buri's cancellation application.  He found that Buri's children required special care; Buri was effective at giving that care; and Buri was the family's breadwinner.  Based on these facts and other evidence in the record, the IJ concluded that Buri's family would suffer exceptional and extremely unusual hardship if he was removed.  DHS appealed to the BIA.  The BIA disagreed with the IJ's conclusion.  Instead, it held that Buri's family would not suffer hardship "substantially beyond that which would ordinarily be expected when a close family member leaves the country."  Certified Administrative Record ("CAR") 4.  So the BIA ordered Buri removed.

On appeal, Buri argues that the BIA overstepped when it concluded, on de novo review, that Buri's family would not suffer exceptional and extremely unusual hardship if

---

[1] This requirement is one of four under 8 U.S.C. § 1229b(b)(1).  For an applicant to achieve cancellation, he must show (1) continuous physical presence in the United States for no less than ten years; (2) good moral character; (3) no relevant criminal convictions; and (4) that his removal "would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States."  8 U.S.C. § 1229b(b)(1).  The BIA reached only "the dispositive hardship determination."  Response Br. 11 n.2.  So we need only consider the arguments on appeal relevant to that determination.

he was removed.[2]  This was error, Buri maintains, because the IJ's hardship determination was a finding of fact that the BIA could vacate only if it found clear error.[3]  Buri argues in the alternative that the BIA did not rely on substantial evidence in deciding that Buri's family would not suffer exceptional and extremely unusual hardship.[4]  The Government responds that Buri's contentions misstate the relevant legal framework and the BIA's decision within it.

We agree with the Government.[5]  The BIA may "not engage in *de novo* review of findings of fact determined by an [IJ].  Facts determined by the [IJ], including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the [IJ] are clearly erroneous."  8 C.F.R. § 1003.1(d)(3)(i).  But the BIA "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of [IJs] *de novo*."  *Id.* § 1003.1(d)(3)(ii).  In particular, as relevant here, the BIA "should review

---

[2] Buri's argument under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) is not relevant here because the disposition of this appeal does not involve judicial deference to an agency's interpretation of a statute.

[3] Our jurisdiction in removal proceedings is limited to "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D).  Here, Buri asks us to consider only whether the BIA applied the right standard of review when reaching a different discretionary conclusion than the IJ.  We therefore review this pure legal question *de novo*.  *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017).

[4] We review an IJ's or the BIA's applications of the "exceptional and extremely unusual hardship" standard—a mixed question of law and fact—for substantial-evidence.  *Wilkinson v. Att'y Gen.*, 131 F.4th 134, 139–40 (3d Cir. 2025); *Wilkinson v. Att'y Gen.*, 601 U.S. 209, 217 (2024).

[5] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b), and we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

without deference the [IJ's] ultimate conclusion that . . . findings of fact . . . meet the legal standard." *Myrie*, 855 F.3d at 516.

That is what happened here. The BIA looked at the same record and, using the IJ's factual findings and the correct legal standard, concluded that the evidence did not support the IJ's conclusion that Buri's family would suffer "extraordinary and unusual hardship" if he was removed. And substantial evidence supports the BIA's conclusion.[6] 8 C.F.R. § 1003.1(d)(3)(i); 8 C.F.R. § 1003.1(d)(3)(ii); *see Wilkinson*, 131 F.4th at 139–40. When the BIA leaves an IJ's factual findings undisturbed and itself vacates on substantial evidence, we can find no error. Because the BIA acted within prescribed regulatory powers when it vacated the IJ's decision to grant Buri's removal application, we will deny Buri's petition.

---

[6] The BIA concluded that the Buri family's hardship is not extraordinary or unusual because all three children (1) would remain in the United States with their mother—a U.S. citizen—who can receive medical care with Medicaid as well as specialized educational support from New Jersey; (2) have financial support through their mother's full-time employment and contributing family in the United States; and (3) have extended family in the United States that can mitigate emotional hardship stemming from separation.